**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Donald Roger GRIFFIN, Defendant—
Appellant.**

No. 05–30030.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Submitted Feb. 10, 2006.*

Decided Feb. 21, 2006.

Kris A. McLean, Esq., Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

Kenneth R. Olson, Esq., Olson Law Office, Great Falls, MT, for Defendant–Appellant.

Before: LEAVY, RYMER and FISHER, Circuit Judges.

## MEMORANDUM **

Donald Roger Griffin appeals the district court's denial of his motion to suppress evidence related to his conviction for being an unlawful user of a controlled substance in possession of firearms in violation of 18 U.S.C. § 922(g)(3). Because the parties are familiar with the facts, we do not recite them in detail. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

■ Griffin conceded in the district court that he was lawfully arrested pursuant to a city court policy directing police officers to arrest and take to jail anyone caught driving on a revoked or suspended license. His claim that Officer Hock illegally searched his person incident to his arrest is thus foreclosed by *United States v. Robinson,* which held that "in the case of a lawful custodial arrest *a full search of the person* is not only an exception to the warrant requirement of the Fourth Amendment, but is also a reasonable search under that Amendment." 414 U.S. 218, 235 (1973) (internal quotation marks omitted) (emphasis added). Accordingly, Griffin's reliance on *Minnesota v. Dickerson,* 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993), is misplaced, ignoring the distinction between a *Terry* stop and a lawful custodial arrest.

■ Griffin contends that Officer Hock's application for a warrant to search his truck lacked probable cause. In deciding whether to issue the warrant, the justice of the peace was "permitted to draw reasonable inferences about where evidence is likely to be kept based on the nature of the evidence[,] the type of offense," and "the conclusions of experienced law enforcement officers." *United States v. Terry,* 911 F.2d 272, 275 (9th Cir.1990). The issuing judge "need only conclude that it would be reasonable to seek the evidence in the place indicated" in the search warrant application. *Id.*

Officer Hock's application for a search warrant contained two bases for probable cause: the glass pipe containing white residue and Officer Hock's experience that persons in possession of drug paraphernalia also possess drugs and customarily keep them in their vehicles. Given the "great deference" accorded a determination of probable cause, *United States v. Clark,* 31 F.3d 831, 834 (9th Cir.1994), we cannot say that the determination made by the justice of the peace was clear error. *See also United States v. Martinez,* 588 F.2d 1227, 1234 (9th Cir.1978) (stating that "[i]n borderline cases, preference will be accorded to warrants and to the decision of the magistrate issuing it"). Instead, the justice of the peace drew a reasonable inference from the information contained in Officer Hock's application that there was a "fair probability" the police would find contraband or evidence of the suspected crime in ·Griffin's truck. *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *see also Clark,* 31 F.3d at 834. The district court therefore did not err in finding that Officer Hock's search warrant application set forth sufficient probable cause.

■ Finally, the evidence lawfully obtained during Officer Hock's search of Griffin's person and truck, combined with Agent Martenson's experience with other drug dealers, provided the issuing judge with "a reasonable ground to believe" that contraband might be found in Griffin's residence. *Terry,* 911 F.2d at 275–76; *see also United States v. Angulo–Lopez,* 791 F.2d 1394, 1399 (9th Cir.1986) (recognizing that "[i]n the case of drug dealers, evidence is likely to be found where the dealers live"). Thus, the district court did not err in finding that the state judge had a substantial basis for finding probable cause and issuing the warrant to search Griffin's home.

The district court's denial of the motion to suppress is AFFIRMED.